# United States Court of Appeals for the Federal Circuit

04-6004

SHERRY M. BRITTON,

Petitioner,

v.

OFFICE OF COMPLIANCE,

Respondent,

and

OFFICE OF ARCHITECT OF THE CAPITOL,

Respondent.


Jeffrey H. Leib, Attorney At Law, of Washington, DC, argued for petitioner.

Eilin Chiang, Attorney, Office of Compliance, of Washington, DC, argued for respondent Office of Compliance. With her on the brief was Peter Ames Eveleth, General Counsel. Of counsel was James T. Abbott.

Dana J. Martin, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent Office of the Architect of the Capitol. With her on the brief were Peter D. Keisler, Assistant Attorney General and Marleigh D. Dover, Attorney. Of counsel was Matthew M. Collette.

Appealed from: Board of Directors of the Office of Compliance

# United States Court of Appeals for the Federal Circuit

04-6004

SHERRY M. BRITTON,

Petitioner,

v.

OFFICE OF COMPLIANCE,

Respondent,

and

OFFICE OF ARCHITECT OF THE CAPITOL,

Respondent.

_____

DECIDED:  June 17, 2005

_____

Before SCHALL, LINN, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Sherry M. Britton petitions for review of two decisions of the Board of Directors of the Office of Compliance ("Board"), Case No. 01-AC-346 (CV,FM,RP).  In the first decision, issued June 3, 2003, the Board affirmed Hearing Officer Warren R. King's July 26, 2002 dismissal of Britton's claim for wrongful denial of leave under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 <u>et</u> <u>seq.</u> (2000), for failure to make a timely request for counseling.  The Board's second decision, on February 2, 2004, dismissed Britton's petition for review of Hearing Officer King's November 5, 2003

decision on the ground that it was not timely filed. We agree with the Board that the request for counseling and the petition for review were untimely, and therefore we affirm.

## I. BACKGROUND

Petitioner Britton is an employee of the furniture division of the Architect of the Capitol. Her son has been diagnosed with certain behavioral disorders. On April 13, 2000, while meeting with at least three co-workers and a client at the offices of the Architect, she was informed by phone that her son was in trouble at school and was going to be taken into police custody. Upon learning this news, she cursed loudly into the phone and left the office without notifying anyone. She stayed away the next day, April 14, finally informing her supervisor why she was gone at 3:00 P.M. on that second day. At that time, she also stated that she would be absent from work on April 17, and she verbally requested FMLA leave for April 13, 14, and 17, because she believed the incident at her child's school might have had some relation to his medical condition. Upon her return to work on April 18, she submitted a pair of applications for FMLA leave, seeking three hours of leave for April 13, eight hours of leave for April 14, and eight hours of leave for April 17.

Meanwhile, Britton's supervisor, Bob Garnett, recommended on April 13 that Britton receive a five-day suspension for being AWOL and using profanity in the office. Later, he received her Application for Leave forms, which were both dated April 18. The first form contained a request for three hours of FMLA leave for April 13. Garnett denied this request, marking the form "Not Approved: employee left without telling her supervisors she was leaving show AWOL 3 hours." The second form included Britton's

request for FMLA leave for April 14 and April 17. Garnett also denied this request, noting: "Not Approved: 8 hours for 17th" and, on the next line, "pending documentation" and, below that, "Not approved for 4/14/00 employee did not call in until 3:10 PM show 8 hours AWOL."

Britton submitted medical documentation in response to Garnett's "pending documentation" note and received two hours of annual leave and six hours of leave without pay for April 17. This resolved the FMLA issue with respect to April 17. However, in a letter dated June 23, 2000, Garnett informed Britton that he was maintaining his proposal of a five day suspension for her conduct on April 13, including use of profanity and being AWOL. Later, on August 18, 2000, the Chief of the Management, Employee and Labor Relations Branch of the Architect's office wrote to Britton to advise her that she was eligible and approved for FMLA leave on a going-forward basis (i.e., beginning on August 18), based on the notification Britton provided to the office on April 24, 2000. The letter made no reference to any of Britton's April 18 requests for leave.

On November 15, 2000, after considering Garnett's proposal for discipline, the Architect of the Capitol held Britton responsible for uttering profanity at work and leaving the office without permission from her supervisor. However, he rejected the proposed suspension and reduced Britton's penalty to an Official Reprimand. The Reprimand was pulled from her personnel file before this case first came before the Hearing Officer, but (according to Britton's counsel) remained usable for progressive discipline purposes for a period of three years after it was issued. That three-year period expired in 2003.

Britton filed a complaint with the Office of Compliance, alleging three counts. First, she claimed that she was wrongly denied leave under the FMLA for April 13 and 14. Second, she charged that the Official Reprimand constituted retaliation for her having requested FMLA leave. Third, she alleged that the pattern of decisions resulting in her being reprimanded and denied FMLA leave created a hostile work environment.

At a hearing on July 26, 2002, Hearing Officer King dismissed all of Britton's claims. On June 3, 2003, the Board affirmed the dismissal of the FMLA claim because Britton did not request counseling within 180 days of the denial of leave. However, the Board remanded the retaliation count because her counseling request occurred within 180 days after some of the alleged retaliatory acts. The Board also determined that Britton's allegation of disciplinary retaliation for exercising her FMLA rights was sufficient to survive a dismissal motion on the pleadings.

On remand, the Hearing Officer, counsel for Britton, and counsel for the Architect all agreed at an August 21, 2003 hearing that the Board had not reversed or remanded the Hearing Officer's initial dismissal of the hostile work environment claim. Only the retaliation claim was remanded. On this claim, the Hearing Officer again ruled for the government in an opinion dated November 5, 2003. The Hearing Officer provided two alternative grounds for his ruling: that an Official Reprimand did not rise to the level of an "adverse action," a requirement in an action for retaliation; and that Britton failed to demonstrate a causal connection between her request for FMLA leave and the purported adverse action. According to a cover letter regarding the Hearing Officer's decision, copies of the decision were transmitted to Britton's counsel by fax and by U.S. certified mail, return-receipt requested. Britton and her attorney do not acknowledge

receiving the fax. Britton contends (and the government does not dispute) that the earliest date she could have received the mailed copy is November 6, 2003, one day after it was mailed.

On December 8, 2003, Britton filed a petition for review of the remand decision (her "second petition"), and the Board dismissed this petition for untimeliness, since it was filed more than thirty days after the appealed decision was entered into the records of the Office of Compliance.

## II. DISCUSSION

The Court of Appeals for the Federal Circuit has jurisdiction over appeals by parties aggrieved by final decisions of the Board. 2 U.S.C. § 1407(a)(1)(A) (2000). Britton appeals the Board rulings that affirmed the dismissal of her claims and dismissed her second petition. First, she challenges the Board's conclusion that the Architect did not have to apply the FMLA retroactively when she requested leave after two and a half days of unexplained absence from work. She further appeals the related conclusion that this claim was time-barred because of her failure to request counseling within the 180-day period required by law. She seeks a remand of this claim to the Hearing Officer. Second, she asks this court to reverse the Board's dismissal for untimeliness of her petition for review of the Hearing Officer's November 5, 2003 decision on retaliation. She contends that the retaliation issue should be remanded to the Board for a decision on the merits.

Substantive issues related to the retaliation and hostile work environment claims are not presently on appeal.

## A. Standard of Review

The Federal Circuit reviews decisions of the Board to determine whether they were (1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence. 2 U.S.C. § 1407(d) (2000).

## B. Arguments

Britton contends that the FMLA claim should not have been dismissed for failure to timely request counseling, because the Architect did not give her a clear answer on the grant or denial of her requests for leave for April 13 and 14 more than 180 days before her request for counseling. On the merits of the FMLA claim, Britton asserts that the FMLA and the Board's regulations supersede the Architect's internal leave policy. She claims that she complied with the Board's regulations by giving notice "of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case."

Britton also contends that her second petition was timely. She argues that a plain reading of Procedural Rules section 1.03(b) and (c) of the Office of Compliance establishes that the extension of deadlines for mailing time applies to every prescribed period set forth in the Office's rules, not just to those that are explicitly based on the service of a document on a party.

The government responds that Britton was notified in the agency's response to her April 18 applications that her requests for leave on April 13 and 14 were denied. If that were not enough, the government characterizes the August 18 letter's grant of leave on a going-forward basis as an implicit denial of any requests for earlier leave that

may have been outstanding. Finally, the government contends that the dismissal of Britton's claim can also be affirmed on alternative grounds, namely that Britton was not entitled to leave for April 13-14 because she did not request it or notify anyone until after she was gone, late in the afternoon of the 14th.

The government also defends the Board's decision to dismiss Britton's second petition for untimeliness. The government presents its own plain reading of the Procedural Rules, pointing out that section 1.03(c) explicitly limits its reach to deadlines based upon the service of a document or notice on a party. Because section 1.03(c) does not apply, section 1.03(b)'s unequivocal statement that deadlines are measured from the date of entry of a decision controls in this case, according to the government.

### C. Analysis

This case presents two issues of timeliness: (1) whether Britton requested counseling early enough to avoid dismissal of her claim for FMLA leave for April 13 and 14, and (2) whether 2 U.S.C. § 1406(a) and section 1.03 of the Office of Compliance's Rules of Procedure mean that the thirty-day time limit for petitions for review of decisions of the Hearing Officer is measured from the date of entry of the decision or from the date the petitioner receives the decision. The latter issue is one of first impression for this court.

Additionally, Britton challenges the dismissal of her FMLA claim on the merits, but we only need to reach that issue if we determine that her request for counseling was timely.

04-6004                                                           7

## 1. Untimeliness of the Request for Counseling

Regardless of whether Britton could prevail on the merits of her claim for FMLA leave, we hold that this claim is procedurally barred because she did not request counseling within 180 days of the denial of her request for leave. We are not persuaded by Britton's argument that she never received a clear denial of her request from which that 180 days could be measured.

The Board and the Hearing Officer agreed that Britton had notice of the denial of her request by August 2000, at the latest. Hearing Officer King found that Garnett's comments on the April 18 leave application forms notified Britton that her claims for FMLA leave for April 13 and 14 were denied. Because Britton did not request counseling until May 11, 2001, more than 180 days after this notification, the Hearing Officer dismissed the FMLA claim. The Board found that the "mid-April and August 2000" documents "partially disapproved her request for FMLA leave"—"partially" meaning that leave was denied for some of the requested dates and not others. Accordingly, the Board affirmed the dismissal of this claim.

We also affirm. The Congressional Accountability Act of 1995 requires an aggrieved employee of the Architect to make a "request for counseling . . . not later than 180 days after the date of the alleged violation." 2 U.S.C. § 1402(a) (2000). Here, the "alleged violation" is the denial of Britton's request for FMLA leave for April 13 and 14. The Board affirmed the Hearing Officer's factual finding that Britton was informed of the final denial of this FMLA request on or before she received the letter dated August 18, 2000. Although the timeliness issue arises as part of a motion to dismiss, pursuant to which a complainant's allegations are generally taken as true, the date Britton received

notice is a jurisdictional fact; hence, it is subject to the substantial evidence standard of review ordinarily applied to facts found by the Board. See Banks v. United States, 314 F.3d 1304, 1307-08 (Fed. Cir. 2003) (addressing the start date of the statute of limitations for a takings claim as a jurisdictional fact). The record contains substantial evidence that Britton knew of the denial of her request for FMLA leave in August 2000 or earlier.

Specifically, Garnett's notes on the Application for Leave forms clearly state that the requested leave is "Not Approved." Implicitly, the Board found that only the request for leave for April 17 was "Not Approved . . . pending documentation[,]" and the April 13 and 14 requests were denied outright. This reading of the forms is eminently reasonable. The form that refers to April 13 does not contain any qualification of the denial of leave. The other form has the words "pending documentation" between lines about disapproval for the 17th and 14th. The note says "Not approved" with respect to the April 14 request and repeats "Not approved" for the April 17 request. By contrast, it includes the phrase "pending documentation" only once, directly under the words "Not approved: 8 hours for 17th." This strongly suggests, to say the least, that "pending documentation" only applies to the April 17 request. Moreover, Britton admitted on direct examination before Hearing Officer King that she learned within two weeks of filing her applications that her April 13 and 14 requests were denied.

This conclusion is only bolstered by the August 18 letter. This letter informed Britton that her FMLA leave was starting on the date of the letter, August 18, 2000. By assigning this date as the start date of her leave, the Office of the Architect implicitly

denied Britton's leave requests for earlier dates, specifically April 13 and 14, to the extent these requests were still outstanding.

The Board also noted Britton's arguments that the August 18 letter altered the time period of her FMLA eligibility and that the 180-day period should have started from the Architect's November 15, 2000 decision to reprimand her. By holding the FMLA claim time-barred, the Board necessarily rejected these positions. This rejection was proper; we see nothing in the August 18 letter that could conceivably have modified or restarted the 180-day time limit.

Because substantial evidence supports the Board's finding that Britton was notified of the denial of her requests on or before August 18, 2000, we affirm the dismissal of Britton's FMLA claim for failure to timely request counseling.

### 2. Untimeliness of Petition for Review
### Under Office of Compliance Procedural Rule Section 1.03

The Hearing Officer issued his decision rejecting Britton's retaliation claim on the merits on November 5, 2003. As noted above, the government contends that copies of the decision were transmitted to Britton's counsel by fax and by U.S. certified mail, return-receipt requested. We assume that Britton did not receive the fax. The date Britton received the mailed copy is unclear from the record, but the parties agree that it was November 6 or later. A December 8 petition would have been timely under Britton's view of the law, because the thirty-day time period would have expired on Saturday, December 6, 2003, and December 8 was the next business day. See Office of Compliance R. Proc. § 1.03(b).

A complainant may file a petition for review "not later than 30 days after the entry of the decision in the records of the office." 2 U.S.C. § 1406(a) (2000). Britton contends

04-6004                                    10

that the petition was timely, because section 1.03(c) of the Rules of Procedure allows extra days for compliance when a party must do some act within a prescribed period "after the service of a notice or other document upon him or her." When this rule applies, the response period is computed from the actual date of receipt for documents delivered by certified mail, return-receipt requested.

The rule does not apply in the present case. As the Board recognized, § 1406(a) requires a petition for review to be filed a maximum of thirty days from "the date that the hearing officer's decision is entered into the Office's record[,]" not the date of "the service of a mailed notice or document on a person or party." By its clear language, section 1.03(c)'s extensions of time apply to a different class of deadlines—those based on a party's receipt of a document. They plainly do not, as Britton contends, apply to "every prescribed period set forth in the statute and Procedural Rules." Furthermore, although the immediately preceding section 1.03(b) applies to "any action required or permitted under these rules," the Rules contain no suggestion that section 1.03(c) has the same scope. For these reasons, we agree with the Board's interpretation of the applicable law and its resulting conclusion that Britton's second petition was filed one business day late. We therefore affirm the Board's dismissal of Britton's second petition.

We have considered the other arguments of the parties and find them either unpersuasive or unnecessary to resolve.

### III.  CONCLUSION

For the reasons stated above, we affirm the decision of the Board.

### AFFIRMED

04-6004                                                          11